IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-2808

DUSTIN ALAN ROWLAND,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

                          JURY DEMANDED

     Defendant.

---

### PLAINTIFF'S ORIGINAL COMPLAINT  - JURY DEMANDED

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Dustin Alan Rowland, Plaintiff, hereby files this his Original Complaint-Jury Demanded, and complains of the United States of America as Defendant, and alleges as follows:

### INTRODUCTION AND STATEMENT OF CLAIMS

1.     This is a refiling of claims previously brought by Plaintiff in  Civil Action No. 1:22-cv-00388-DDD-SKC, styled *Dustin Alan Rowland v. Andre Matevousian, et al,* U.S. District Court, District of Colorado, which was dismissed September 26, 2023, by Order of Hon. Daniel D. Dominico, United States District Judge.  The claims set forth herein are based upon the Federal Tort Claims Act, 28 U.S.C. §§2671 *et seq.* ("FTCA").  Plaintiff's claims under the FTCA brought in such previous cause have been dismissed, without prejudice, for failure to exhaust administrative remedies, based upon the fact that such previous cause was originally filed February 11, 2022, and amended on October 10, 2022, prior to the deemed denial of his administrative request for damages, which occurred on December 2, 2022, or the actual denial which occurred on December 5, 2022.

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                **Page 1**

This Complaint is being filed within thirty (30) days after the prior dismissal by this Court, in order to preserve Plaintiff's claims in timely fashion.

2.      Dustin Alan Rowland was a pretrial detainee, being held on criminal charges in Cause No.3:18-cr-00324-M-3, styled *United States v. Dustin Alan Rowland*, pending in the United States District Court for the Northern District of Texas-Dallas Division, Hon. Barbara M.G. Lynn, Chief Judge, presiding.  He was arrested in August, 2018, and entered into a plea agreement filed on June 26, 2019.  He was transferred to the Fannin County Detention Facility pending sentencing, and was repeatedly denied critical medical care while being detained therein.

3.      While a pre-trial detainee, Rowland was injured in an inmate fight.  Beginning shortly thereafter, he began experiencing pain in his abdomen, which has been diagnosed as an umbilical hernia.  Despite making numerous verbal complaints, and filling out required forms giving written requests for medical care on numerous occasions, Rowland did not receive the required medical care, namely surgery to correct the painful hernia, while a pretrial detainee.

4.      At Rowland's sentencing hearing before Hon. Barbara M.G. Lynn, Chief Judge, Northern District of Texas, on June 17, 2020, a Judgment was entered with the recommendation to the Bureau of Prison: "The Court recommends that the Defendant receive immediate care for what was described in court as a umbilical hernia present for many months which needs surgery."  A true and correct copy of such Judgment is attached hereto as Exhibit "A" and incorporated herein by this reference.  Despite such clear recommendation from the Chief Judge for the Northern District of Texas, Rowland was held for three months thereafter in the Dallas County Jail, then for another two months in Oklahoma Federal facilities, then transferred to the Federal facility in Florence, Colorado at the end of September, 2020, and then transferred to the present Federal facility in Terre Haute,

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                                      **Page 2**

Indiana, in or about November 6, 2022.

5.     What began as a simple umbilical hernia that was capable of treatment in a relatively uncomplicated manner, later worsened due to the non-treatment, with Rowland developing cysts on his liver, suspected internal bleeding which has caused external bruising on his abdomen, and complications with his intestines.  Not only did the pain increase, but  Rowland was facing major surgery with a life-threatening condition.

6.     In or around September, 2020, Rowland was transferred to Florence, Colorado at the FCI Florence Federal Correctional Institution.  Plaintiff's medical condition continued to worsen, and he  made repeated sick call requests by filling and submitting forms requesting medical attention for his hernia due to the excruciating pain and for a checkup because of cysts on his liver and overall poor health.   Plaintiff's pleas for help went unanswered, and his pain ignored, until this Court directed Defendant Matevousian to render a status report on Plaintiff's condition.  Plaintiff finally underwent surgery on May 3, 2022, to correct his hernia.  The prison officials failed and refused to provide necessary post-operative treatment, however, instructing Rowland to change his own bandages and dress the wound left by the surgery.    It is established that the Eighth Amendment prohibits the unnecessary and wanton infliction of pain.  *Ingraham v. White*, 430 U.S. 651, 669-670 (1977); *Prieto v. Clarke*, 780 F.3d 245 (4th Cir.2015), cert.dismissed, 577 U.S. 717 (2015); *Williams v. Cash-C.O.I.*, 836 F2d 1318, 1320 (11th Cir.1988).

**PARTIES**

7.     Dustin Alan Rowland is currently detained at the  FCI Terre Haute Federal Correctional Institute, Terre Haute, Indiana.

8.     The United States of America is made a Defendant herein, pursuant to 28

U.S.C.§2674, by serving the United States Attorney, Philip Cole Finegan, 1801 California Street, Suite 1600, Denver, CO 80202.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C.§§2671 *et seq.,* 28 U.S.C. § 1331 (federal question), and § 1343 (civil rights).

10. Venue is proper in this district pursuant to 24 U.S.C. § 1391(b), since a major portion of the acts and omissions upon which this suit is based occurred in this District and Division.

## BACKGROUND FACTS

11. While a pretrial detainee, Rowland was injured in a fight in 2018, which resulted in an umbilical hernia. He duly submitted numerous written requests for medical care to the facility holding him on behalf of the United States, on the following dates:

- ♦ December 12, 2018;
- ♦ Hernia protocol completed by nursing staff, December 15, 2018;
- ♦ December 27, 2018;
- ♦ January 2, 2019;
- ♦ February 21, 2019;
- ♦ April 23, 2019;
- ♦ May 3, 2019;
- ♦ May 27, 2019;
- ♦ June 5, 2019;
- ♦ June 9, 2019;
- ♦ June 24, 2019;

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                    **Page 4**

◆ July 18, 2019;

◆ July 24, 2019;

◆ August 11, 2019;

◆ September 25, 2019;

◆ September 28, 2019.

12.  On November 12, 2019, Rowland was examined by a doctor, who recommended surgery, as shown by Exhibit "B" attached hereto.  He was advised that surgery was forthcoming. Because Rowland's sentencing was scheduled for December 18, 2019, his criminal defense counsel filed an unopposed motion for continuance, which was granted, and sentencing postponed, allowing time for Rowland's anticipated surgery.

13.  As Rowland waited his anticipated surgery, he submitted additional written requests for medical care and grievances on the following dates:

◆ January 17, 2020, Exhibit "C" attached hereto;

◆ January 30, 2020, Exhibit "D" attached hereto;

◆ February 17, 2020, Exhibit "E" attached hereto;

◆ February 26, 2020, Exhibit "F" attached hereto;

◆ March 16, 2020, Exhibit "G" attached hereto;

◆ March 18, 2020, Exhibit "H" attached hereto; and

◆ March 21, 2020, Exhibit "I" attached hereto.

14.  When the recommended surgery did not take place, and his pain was increasing, Rowland retained the undersigned counsel, who sent a demand letter dated March 24, 2020, a copy of which is attached as Exhibit "J" hereto.  No treatment was furnished to Rowland.

15.    Rowland submitted further additional medical requests on the following dates:

♦    April 12, 2020, Exhibit "K" attached hereto;

♦    April 14, 2020, Exhibit "L" attached hereto;

♦    April 20, 2020, Exhibit "M" attached hereto;

16.    Accordingly, Plaintiff's counsel sent another demand letter, a copy of which is attached as Exhibit "N" hereto, again demanding immediate medical treatment for Rowland.

17.    Rowland has been bounced about from one facility to another, treated like the proverbial "hot potato," with one authority after another finger-pointing for the blame for his non-treatment.  While in Fannin County as a pretrial detainee, the Fannin County authorities refused to incur the expense for his treatment, and relied upon alleged refusal by the United States Marshall for failing to approve treatment for Rowland.  Then, after his sentencing and Judge Lynn's recommendation that he receive "immediate treatment," the Bureau of Prisons has continued to ignore his desperate medical needs.

18.    Rowland was held for three months after sentencing in the Dallas County Jail, then for another two months in Oklahoma Federal facilities, then transferred to the present Federal facility in Florence, Colorado at the end of September, 2020, and then transferred to the present Federal facility in Terre Haute, Indiana, in or about November 6, 2022.  Since being transferred to the FCI Florence Federal Correctional Institute, Plaintiff continued to suffer constant severe, debilitating, and intense pain from the hernia, and although he repeatedly requested medical treatment, specifically surgery, to correct the same, the condition persisted, and the accompanying intense pain, all without any attempt to have the same corrected.

19.    Plaintiff duly submitted numerous written requests for medical care at the Colorado

facility, as well as appeals requesting for administrative remedies, including but not limited to the following:

♦        December 11, 2020, Exhibit "O" attached hereto;

♦        December 14, 2020, Exhibit P"" attached hereto;

♦        December 15, 2020, Exhibit "Q" attached hereto;

♦        December 17, 2020, Exhibit "R" attached hereto;

♦        December 21, 2020, Exhibit "S" attached hereto;

♦        December 28, 2020, Exhibit "T" attached hereto;

♦        January 6, 2021, Exhibit "U" attached hereto;

♦        January 18, 2021, Exhibit "V" attached hereto;

♦        August 2, 2021, Exhibit "W" attached hereto;

♦        August 24, 2021, Exhibit "X" attached hereto; and

♦        October 20, 2021, Exhibit "Y" attached hereto.

20.      Plaintiff has submitted other forms which have been made available to him, and has not received copies of all of the forms submitted. Plaintiff has been substantially hindered in attempting to request medical care because he has repeatedly requested medical attention for his hernia and for a checkup because of cysts on his liver and overall poor health. These requests have been verbal. He has also submitted written requests on the forms that have been made available to him, but has often not been able to obtain all of the necessary forms. He has filled out and submitted numerous forms BP-8, BP-9, BP-10, and BP-11, but does not have copies of all of them, nor responses to all of his requests. Plaintiff reasonably believes that these are not actually being reviewed and properly handled, because most of the time he does not receive any written response,

or the responses contain statements that he knows to be incorrect because the response obviously was made without consulting his actual medical records.    Although Rowland has attempted to pursue all of his administrative remedies through the Bureau of Prisons system, this has been impossible to do  because the prison officials have denied him necessary forms,  have not returned the forms to him that he has submitted so that he can appeal, and have refused to cooperate with his attempts to pursue all of his remedies.    For example, when Plaintiff attempted to pursue an administrative appeal to the Central Office in 2021, he **received** on **December 9, 2021,** a Rejection Notice **dated November 15, 2021,** falsely stating that he had failed to attach a copy of the BP-09 Response from the Warden to his appeal, *and giving him* **"15 days of the date of this rejection notice"** *to resubmit his appeal.*  A copy of this rejection notice with Plaintiff's notation thereon made the day that he actually received the notice is attached hereto as Exhibit "Z" and incorporated by this reference.

21.    An inmate such as Rowland has a Federal Constitutional right to receive necessary medical care, which right flows from both the procedural and substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution.  In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held a prison official's "deliberate indifference" to an inmate's serious medical needs violates the Eighth Amendment's probation against cruel and unusual punishment. When an employee of a jail fails or refuses to provide needed medical care to an inmate due to deliberate indifference to the health or safety of the inmate, by refusing to provide needed medical care,  such person is violating the inmate's constitutional rights to needed, fundamental care. The Supreme Court has recognized that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of reckless disregarding that risk, and

is a violation of that person's constitutional right to safety in his body and preservation of his life.

22.    Plaintiff complied with all necessary conditions precedent to the bringing of this action, or such compliance is excused by the wilful refusal to follow proper administrative remedies which are exclusively under the control of Defendant's agents and representatives, and which have made his ability to complete all administrative appeals impossible by their intereference.  Under certain circumstances, an inmate is relieved of his duty to exhaust administrative remedies because the remedies are effectively unavailable.  These circumstances include (1) when there is no possibility for relief through use of the procedure;  (2) when the rules are so confusing as to render them essentially unknowable; and (3) **when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation**." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60, 195 L. Ed. 2d 117 (2016)(Emphasis added); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2007)("An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it"); *Smith v. Pina*, 2013 U.S. Dist. LEXIS 116525 *; 2013 WL 4460161 (E.D.Calif.2013);  *Von Villas v. Pallares*, 2015 U.S. Dist. LEXIS 49169, *13, 2015 WL 1657599 (E.D.Calif.2015); *Frazier v. Dollar*, 2021 U.S. Dist. LEXIS 64161, *8-9, 2021 WL 1238275 (E.D.Tenn.2021).   A perfect example of this type of behavior is described in paragraph 20 above, when Plaintiff timely submitted an appeal to the Central Office with the correct attachment, and it was rejected based upon the false statement that Plaintiff had failed to attach the Warden's response (BP-09) to his request, and giving him 15 days to resubmit his application after November 15, 2021, when Plaintiff did not actually receive the rejection notice until December 9,

2021.

23.     When this action was initially filed in the District of Colorado, Plaintiff sought emergency injunctive relief to require immediate surgical treatment.  This Court ordered Defendant Matevousian to submit a status report stating the state of treatment for Plaintiff.  As a result, he was finally sent to surgery on May 3, 2022, for the treatment of his hernia.  Afterwards, however, Defendants failed to provide proper and necessary followup post-operative treatment, by instructing Plaintiff to change his own bandages, treat his own open wound, and apply various treatments.  As a result, the pain returned which had been absent for a short period of time after disappearing shortly after surgery.  Plaintiff is suing herein to obtain recovery for his years of pain and suffering both before and after the surgery.

24.     Plaintiff has filed, on June 3, 2022, his standard form 95 seeking recovery of damages from the United States, a true and correct copy of which is attached as Exhibit "AA."  Such claim was deemed denied by law on December 2, 2022, and then officially denied by letter dated December 5, 2022, a copy of which is attached hereto as Exhibit "BB." Plaintiff seeks recovery under all applicable forms of law for recovery of all actual and consequential damages available under law to the extent that the injunctive relief does not provide him adequate and complete remedy for the suffering he has endured.

## CAUSES OF ACTION

## I.

## NEGLIGENCE

25.     Plaintiff incorporates by this reference the allegations of paragraphs 1 through 24 above, as if the same were fully set forth herein.

26.     This is a cause of action for negligence brought against Defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                    **Page 10**

27.     At all relevant times, Defendant's agents and representatives owed a duty of care to Rowland, and owed him ordinary care in the provision of needed medical care.  As Rowland was a prisoner under the control of the United States, first in the Correctional Institute in Florence, Colorado, and then in the FCI Terre Haute Federal Correctional Institute, Terre Haute, Indiana, Defendant's employees are directly responsible, and responsible in their duties of supervision, for Plaintiff's well being.  Defendant's representatives breached such duty of care by acting deliberately indifferent to the medical needs of Rowland, which negligence is and has been the proximate cause of Rowland's injuries and suffering. The damages proximately resulting from the breaches of duty by Defendants are severe and massive, for which Plaintiff demands recovery, jointly and severally. Additionally, Defendants' negligent actions proximately caused Plaintiff to suffer damages, including but not limited to, mental anguish, and special damages consisting of loss of income.

28.     Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against Defendant for such negligence and constitutional violations, including award of actual, consequential, and special damages, plus damages for pain and suffering, and mental anguish and emotional distress.

## II.

## GROSS NEGLIGENCE

29.     Plaintiff incorporates by this reference the allegations of paragraphs 1 through 28 above, as if the same were fully set forth herein.

30.     This is a cause of action for gross negligence brought against Defendant.

31.     As set forth in detail above, Defendant's representatives had actual knowledge that Rowland was suffering from a hernia that was causing constant pain, and needed corrective surgery, yet completely ignored his suffering and treated him and his complaints like mere files or pieces of

paper, and not like a human being with Constitutional rights.   All of these factors demonstrate that Defendant's employees were aware of the extreme degree of risk faced by Rowland,  considering the probability or likelihood of serious injury to him.

32.      Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against Defendant for such constitutional violations, including award of actual, consequential, and indirect damages, plus damages for mental anguish and emotional distress, and punitive damages. Additionally, Defendants' negligent actions proximately caused Plaintiff to suffer damages, including but not limited to, mental anguish, and pain and suffering.

## ATTORNEYS' FEES

33.      Plaintiff is  also entitled to and demands recovery of all reasonable and necessary attorneys' fees, costs, and expert witness fees available pursuant to 42 U.S.C. §1988, or as otherwise allowed by law, for which he demands recovery.

## JURY DEMAND

Plaintiff demands a jury trial on all issues that may be tried or submitted to a jury.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiff Dustin Alan Rowland prays that the United States of America be served with summons, requiring it to appear and answer, and that upon final judgment, Plaintiff recoverall actual damages, consequential, and economic damages resulting from the above-described wrongful and illegal conduct of Defendant, and all physical or emotional damages resulting from the above-described wrongful and illegal conduct of Defendant, including but not limited to, damages for past physical pain and suffering, past mental anguish, and future such damages, all special damages resulting from the gross negligence of Defendant, reasonable and necessary

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                                             **Page 12**

attorneys fees, pre-judgment and post-judgment interest in the maximum amount allowed by law;

and any such further relief, whether legal or equitable, to which Plaintiff may be entitled.

Respectfully submitted,

LAW OFFICES OF LIPPE & ASSOCIATES

By:      /s/   Emil Lippe, Jr.
Emil Lippe, Jr.
Colorado Atty. Reg. # 27988
Texas State Bar No. 12398300
Park Place at Turtle Creek
2911 Turtle Creek Blvd., Suite 1250
Dallas, Texas  75219
Phone: 214-855-1850
Fax:    214-720-6074
emil@texaslaw.com

ATTORNEY FOR PLAINTIFF

Joseph A. Whitcomb
joe@whitcomblawpc.com
Whitcomb, Selinsky PC
2000 S. Colorado Blvd., Tower One
Ste 9500
Denver, CO 80222
Telephone: (303) 534-1958
Facsimile: (303) 534-1949

LOCAL COUNSEL FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                                              **Page 13**